UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>GAYLEN PAIKAI, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:12-cv-00186-MMD-CWH<br><br>ORDER<br><br>(Motion to Remand to State Court–<br>dkt. no. 7) |

　　　　Plaintiff JP Morgan Chase Bank National Association filed a Motion to Remand this case to State Court.  (Dkt. no. 7.)  The response was due on May 6, 2012. However, Defendants did not meet this deadline and have not opposed the motion.

　　　　Failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted.  L.R. 7-2(d); *see Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989).

　　　　Further, removal is improper because Paikai is a citizen of Nevada (dkt. no. 1 at ¶ 15(b)), and removal in this case would therefore violate the "no local defendant" rule.  28 U.S.C. § 1441(b)).  "28 U.S.C. § 1441(b) imposes a limitation on actions removed pursuant to diversity jurisdiction: such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in

which such action is brought." *Spencer v. U.S. Dist. Court for N.D. Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (quotation marks omitted).[1]

Plaintiff's motion is therefore GRANTED.

IT IS ORDERED that this case shall be remanded to the Eighth Judicial District of Nevada.

ENTERED THIS 24th day of July 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Further, although Plaintiff did not attach his Complaint to his removal document, his removal petition (dkt. no. 1) lists no federal question. This is an unlawful detainer case involving NRS §§ 40.2512, 40.420, and 40.253. (Dkt. no. 7 at 5-6).

2